UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| EUGENE H. MATHISON, | \* | CIV. 00-4055 |
| Movant, | \* | |
| -vs- | \* | ORDER |
| UNITED STATES OF AMERICA, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Movant, Eugene Mathison, filed a motion requesting that his case be submitted for decision so that he could be released for his sister's funeral on March 8, 2013. Mr. Mathison's case is under consideration by this Court, but the Court cannot represent one way or another whether a decision will be rendered that will afford Mr. Mathison the relief of being allowed to attend his sister's funeral.

Because in 18 U.S.C. § 3622(a)(2) Congress has specifically empowered the Bureau of Prisons to grant a temporary release to a prisoner to attend a funeral of a relative, the All Writs Act does not confer authority upon this Court to order the release of an inmate to attend the funeral of a relative. *See Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). In an unpublished decision the Eighth Circuit Court of Appeals has held that 18 U.S.C. § 3622 vests authority to grant medical furloughs with the BOP, not the federal courts. *See United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996). In the case at hand, it is not clear whether Mr. Mathison has sought relief from the BOP. Even if Mr. Mathison has been denied such relief from the BOP, without any authority from the Eighth Circuit allowing this Court to review a denial of an emergency furlough under 18 U.S.C.

1

§ 3622(a), this Court must conclude that it has no jurisdiction in this matter. *See United States v. Reed*, No. 01-Cr-20062, 2008 WL 4822045 at *3 (C.D.Ill., Oct. 28, 2008)("Absent any on-point direction from the Seventh Circuit, this court is not willing to assume it has jurisdiction to review Bureau of Prison decisions on interruption of sentence under § 3622.").

The Court is sympathetic to Mr. Mathison's situation. On the limited record before the Court, it appears that Mr. Mathison may be eligible for an emergency furlough under 18 U.S.C. § 3622(a)(2), 28 C.F.R. § 570.36, and Section 570.36 of the Federal Bureau of Prisons' Program Statement 5280.09 (Effective Feb. 10, 2011). However, the Court is without authority to provide any relief in this matter.

IT IS SO ORDERED.

Dated this 1st day of March 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahy
DEPUTY